# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP NEUMAN, an individual, as assignee of the claims of the Potomac Group West, Inc.,<br><br>                  Plaintiff,<br>vs.<br><br>RICHARD BAKER, an individual and DOES 1 through 50, inclusive,<br><br>                  Defendant. | CASE NO. 06-CV-0920-H (NLS)<br><br>**ORDER:**<br>**(1) GRANTING PACIFIC GROUP WEST, INC.'S MOTION TO INTERVENE; and**<br>**(2) REMANDING CASE TO STATE COURT** |

Plaintiff Phillip Neuman originally filed his complaint in state court on April 18, 2006. Defendant Richard Baker removed the case to this Court on April 21, 2006, asserting jurisdiction based on diversity of citizenship. (Doc. No. 1.) Pacific Group West, Inc. ("PGW") filed a motion to intervene on October 23, 2006. (Doc. No. 17.) No party has filed a response to the motion to intervene. The Court held a hearing on November 27, 2006. James Crosby appeared by telephone for Plaintiff. James Garrett appeared in person for Defendant, and Christopher Dryden appeared in person on behalf of PGW. For the reasons stated below, PGW is entitled to intervene as of right, but should be aligned as a Plaintiff. Joinder of PGW as a Plaintiff, however, destroys diversity. Because the Court finds that PGW is an indispensable party, the Court GRANTS PGW's motion to intervene, but REMANDS the case back to state court.

## Background

In Neuman's First Amended Complaint ("FAC"), he asserts that Baker was an employee of PGW and involved in PGW's business of brokering insurance policies. (Doc. No. 10, ¶ 9.) Neuman alleges that PGW assigned to him its rights against Baker on or about November 2, 2005. (Id. ¶ 4.) Accordingly, as assignee of PGW, Neuman brings claims against Baker for conversion, breach of employment contract, breach of duty of loyalty, and unjust enrichment. (Id. ¶¶ 10-47.)

In its motion, PGW asserts that it rescinded its assignment of rights to Neuman on March 1, 2006, before Neuman brought this suit against Baker. Further, PGW states that it has resolved its underlying dispute with Baker, its former employee. Accordingly, PGW seeks to intervene to rescind its assignment to Neuman and seeks declaratory relief. Additionally, PGW has an action pending in state court against Baker seeking rescission of the assignment.

## Discussion

Rule 24 of the Federal Rules of Civil Procedure governs intervention, a procedure through which a person who is not a party to a lawsuit can gain party status without the consent of the original parties. Rule 24 sets forth two categories of intervention, intervention of right and permissive intervention. Where the right to intervene is not based upon a federal statute, intervention of right is governed by Rule 24(a)(2):

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Permissive intervention, in the absence of a federal statute providing a conditional right to intervention, is governed by Rule 24(b)(2): "Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common."

## 1. Intervention of right

To intervene as of right, a party must meet these four requirements: (1) submit a timely application; (2) hold a significantly protectable interest relating to the property or transaction involved in the pending lawsuit; (3) show that disposition of the lawsuit may impair or impede the applicant's ability to protect its interest; and (4) show that the existing parties do not adequately represent the applicant's interests. Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003). Courts interpret Rule 24 liberally in favor of applicants for intervention. Id.

Here, PGW has demonstrated a right to intervene. First, its application is timely. PGW states that it moved to intervene as soon as it had the chance to evaluate its stake in the current litigation. Further, the current parties have not yet participated in the case management conference required by Rule 16(b) of the Federal Rules of Civil Procedure, and the litigation is not so advanced as to make intervention untimely. Additionally, the current parties have not opposed PGW's motion. In its discretion, the Court determines that PGW's application is timely. See, e.g., Yniguez v. State of Arizona, 939 F.2d 727, 730-31 (9th Cir. 1991) (determination of timeliness left to discretion of trial court).

Second, PGW has a significantly protectable interest relating to the property or transaction in the pending lawsuit. According to PGW, the present lawsuit is based upon Neuman asserting PGW's claim for money that Baker owes to PGW. Thus, PGW has an interest in the subject matter of the litigation.

Third, a disposition of this suit without PGW's participation may impair or impede PGW's interest. PGW contends that this suit is hindering its efforts to resolve its underlying dispute with Baker. PGW asserts that it is prepared to settle its dispute with Baker. Accordingly, allowing the action to proceed with the current parties may impair PGW's interests.

Fourth, PGW has demonstrated that the present parties do not adequately represent its interests. Because the underlying claim is on behalf of PGW against

Baker, Baker's interests obviously do not coincide with those of PGW. As to Neuman, PGW asserts that it has rescinded its assignment to him. Accordingly, his interests are adverse to PGW.

In sum, PGW meets all of the requirements for intervention as of right. Accordingly, the Court need not examine whether permissive intervention is appropriate in this case.

**2.  Alignment of PGW**

While PGW attempts to intervene as a Defendant, "diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is [the duty of] the lower federal courts, to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.'" Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941) (quoting Dawson v. Columbia Trust Co., 197 U.S. 178, 180 (1905)). Thus, where a party seeks to intervene, a court must determine whether the potential intervenor should be aligned as a plaintiff or defendant. See, e.g., Dev. Fin. Corp. v. Alpha Housing & Health Care, Inc., 54 F.3d 156, 159 (3rd Cir. 1995); see also California Practice Guide, Federal Civil Procedure Before Trial, § 7-263 (Rutter Group 2006) (hereinafter "Rutter Group"). In conducting this inquiry, courts must look to "the 'principal purpose of the suit,' or the 'primary and controlling matter in dispute.'" Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1523 n.2 (9th Cir. 1987) (quoting Indianapolis, 314 U.S. at 69)). Then, the court must align "those parties whose interests coincide respecting the 'primary matter in dispute.'" Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000) (quoting Indianapolis, 314 U.S. at 69)).

Looking at the claims asserted by the parties in the present case, PGW should be aligned as a Plaintiff. Neuman initially brought this suit against Baker as assignee of the rights of PGW. Thus, both Neuman and PGW purport to hold claims against Baker arising out of Baker's past employment relationship with PGW. Accordingly, the primary matter in dispute is whether Baker is liable to PGW. Indeed, as PGW explains

in its papers, its primary motive in seeking to intervene is to protect its interests in resolving its underlying dispute with Baker.  Although PGW seeks to intervene as a Defendant to rescind its assignment of rights to Neuman, the assignment/rescission issue is secondary to the underlying dispute about whether Baker is liable to PGW, or to Neuman as assignee of PGW.  Indeed, PGW implicitly acknowledges that it should be aligned as a Plaintiff by submitting a proposed cross-complaint against Neuman.  A cross complaint is a pleading in which a plaintiff or defendant asserts a claim against a coparty.  See, e.g., Fed. R. Civ. P. 13(g).  Finally, PGW and Baker share no common interest in the litigation, and joining them as coparties would be contrary to the actual posture of the case.  Accordingly, because the interests of PGW and Neuman "coincide respecting the 'primary matter in dispute,'" PGW must join this case as a Plaintiff.  See PPR Realty, Inc., 204 F.3d at 873 (quoting Indianapolis, 314 U.S. at 69).

### 3. Subject Matter Jurisdiction

Where a non party intervenes as a plaintiff, the court cannot exercise supplemental jurisdiction over the intervenor's claims if the intervenor is a citizen of the same state as any defendant.  28 U.S.C. 1367(b); see also Dev. Fin. Corp., 54 F.3d at 159; Rutter Group at § 7-262.5.  Here, PGW is a citizen of California, as is Defendant Baker, and aligning PGW as a Plaintiff destroys complete diversity and deprives this Court of subject matter jurisdiction.  See, e.g., Strawbridge v. Curtiss, 3 Cranch 267 (U.S. 1806).  Accordingly, the Court must deny PGW's motion to intervene unless PGW is an indispensable party, in which case the Court no longer has jurisdiction over the case.  See, e.g., Fed. R. Civ. P. 19; Rutter Group at §§ 7-59 to 7-60 (analysis with regard to intervention similar to that for joinder under Fed. R. Civ. P. 19).

### 4. Indispensable Party

To determine whether a party is indispensable, courts look to the following factors: (1) the extent to which a judgment may prejudice the absent party; (2) the extent to which such prejudice may be lessened or avoided; (3) whether a judgment between the current parties will be adequate to the parties before the court; and (4)

whether the plaintiff will have an adequate remedy if the action is dismissed. Fed. R. Civ. P. 19(b); Pit River Home and Agr. Co-op. Ass'n v. United States, 30 F.3d 1088, 1101 (9th Cir. 1994).

### a. Prejudice

PGW will suffer prejudice if it is not allowed to intervene in this suit. Allowing the suit to proceed without PGW will hinder PGW's attempts to settle its underlying dispute with Baker, as Baker likely will not engage in serious settlement discussions with PGW while a suit on the identical claims is prosecuted by a different person. Further, PGW will suffer prejudice if Baker is successful in defending the suit against Neuman.

### b. Avoiding Prejudice

Looking at the respective positions of the parties, the Court finds that no relief or remedy would lessen the prejudice if the Court proceeded with this action without PGW. Because he is bringing the claims as an assignee, the claims Neuman asserts against Baker are identical to the claims PGW would have against Baker. Accordingly, any decision adverse to Neuman would prejudice PGW in its underlying dispute with Baker.

### c. Adequacy of Judgment in Absence of PGW

Similarly, looking at the positions of the parties, the Court cannot provide a judgment adequate to the parties presently before the Court in the absence of PGW. Without PGW, a judgment for Neuman will not resolve the dispute, as PGW asserts that Neuman no longer has the right to prosecute the claims against Baker. Likewise, a judgment for Baker may leave him subject to a subsequent suit by PGW. Accordingly, the Court cannot fashion an adequate judgment in the absence of PGW.

### d. Whether Plaintiff Will Have an Adequate Remedy Elsewhere

Neuman may bring his claims in state court. Indeed, he initially brought this suit in state court before removal by Baker. All of Neuman's claims are based upon state law causes of action, and adjudication in state court will not prejudice him. Finally,

given that PGW has a related rescission action pending in state court, adjudication in state court will allow all of the parties and disputes to proceed in a single forum.

For these reasons, the Court finds that PGW is an indispensable party and GRANTS PGW's motion to intervene. Because PGW is properly aligned as a Plaintiff, however, the Court no longer has jurisdiction based on diversity of citizenship. Accordingly, the Court REMANDS this case to state court.

### Conclusion

For the reasons stated above, the Court **GRANTS** PGW's motion to intervene, but aligns PGW as a Plaintiff. Accordingly, because the parties are no longer diverse, the Court **REMANDS** this case to state court.

IT IS SO ORDERED.

DATED: November 27, 2006

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

Copies To:
Ronald H. Blumberg
Blumberg Dagan LLP
137 N. Acacia Ave.
Solana Beach, CA 92075

James D Crosby
Law Office of James D Crosby
13400 Sabre Springs Pkwy, Suite 200
San Diego, CA 92128

Stefan Erik Teichert
Pillsbury Winthrop Shaw Pittman
501 West Broadway, Suite 1100
San Diego, CA 92101